IN THE CIRCUIT COURT OF
THE NINTH JUDICIAL
CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.: 2009-CA-25470

Div. 39

MAHUDI INTERNATIONAL CORP.
a Florida corporation, and
MIC HOTEL CORP., a Florida corporation,

    Plaintiffs,

v.

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY, a New York corporation,
and ZURICH AMERICAN INSURANCE COMPANY,
a New York corporation,

    Defendants.
_____/

## COMPLAINT

COME NOW Plaintiffs, Mahudi International Corp. and MIC Hotel Corp. (collectively "Mahudi"), Florida corporations, by and through their undersigned attorney, and sue Defendants, American Guarantee and Liability Insurance Company and Zurich American Insurance Company, and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Mahudi International Corp., is a Florida corporation duly authorized to conduct business in the State of Florida.

2.    Plaintiff, MIC Hotel Corp., is a Florida corporation duly authorized to conduct business in the State of Florida.

3.  Defendant, American Guarantee and Liability Insurance Company, is an insurance company organized and existing under the laws of the State of New York, and, at all times relevant hereto, was authorized to do business in the State of Florida.

4.  Defendant, Zurich American Insurance Company, is an insurance company organized and existing under the laws of the State of New York, and, at all times relevant hereto, was authorized to do business in the State of Florida.

5.  The Court has subject matter jurisdiction over the matters alleged herein because the amount in dispute exceeds $15,000.00.

6.  Venue is proper in Orange County, Florida pursuant to Section 47.011, Florida Statutes (2008), as that is where the cause of action arose.

## FACTUAL BACKGROUND

7.  Mahudi owns a Ramada Inn located at 6500 International Drive, Orlando, Florida, 32819 (the "Property").

8.  Defendants issued its Commercial Insurance Policy Number CPO 2929824-01 to Mahudi for the period from December 31, 2003, until December 31, 2004, providing commercial property coverage for the Property (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A".

9.  The Policy provides coverage for damage to the building itself.

10. The Policy also provides coverage for damage to the "business personal property" that may be contained in the building.

11. In addition to providing coverage for damage to the building and the "business personal property", the Policy also provides for the costs associated with the replacement of the Property, including both the building and the "business personal property" that may contained therein.

12. Under the Policy, Defendants are to pay for direct physical loss of or damage to both the building of the Property and the "business personal property" contained therein for covered perils.

### August 13, 2004, Hurricane

13. On or about August 13, 2004, the Property was damaged by a hurricane, which is a peril covered by the Policy.

14. Specifically, winds generated by the hurricane damaged the exterior of the Property. The winds caused damage to the exterior of the Property by, among other things, blowing in the plywood panels adjacent to the AC units and blowing in the AC units themselves. As a result of this exterior damage, rain water was able to penetrate the Property and cause significant damage thereto.

15. Mahudi notified Defendants of this damage, as required under the Policy, and has fulfilled all conditions precedent for receiving thereunder, and for the bringing of this action.

16. Defendants wrongfully determined that only 64% of the damage was allowable under the Policy, when, in actuality, all of the loss and damage was so covered.

17. Defendants wrongfully deducted 36% of the damage as "uninsurable" water damage, when the damage was the direct and sequential result of a covered peril.

18. It was agreed that the repair or replacement cost of the Property as a result of all of the damage was approximately $2,300,000.00, but that amount has not been paid in full.

19. In addition to deducting Mahudi's deductible of $50,000.00, Defendants also wrongfully deducted $300,000.00 from the repair or replacement cost as "depreciation", when depreciation is recoverable for sums spent or to be spent in actual repair or replacement of the covered damage.

20. After such deductions, Defendants reimbursed Mahudi approximately $1,248,000.00 for the repair or replacement of the building.

21. Additionally, there was approximately $276,573.00 worth of damage to the "business personal property" located at the Property.

22. Defendants wrongfully deducted $34,601.00 from the repair or replacement cost of such "business personal property" as "depreciation", when depreciation is recoverable for sums spent or to be spent in actual repair or replacement of the covered "business personal property".

23. After deducting such depreciation, Defendants reimbursed Mahudi approximately $154,862.00 for the repair or replacement of the "business personal property" located at the Property.

24. Under the Policy, Defendants was not permitted to withhold depreciation since the repair or replacement cost did not exceed the limit of insurance applicable to the damaged property, the cost to repair or replace the damaged property with other property of comparable material and quality and used for the same purpose, or the amount actually spent or to be spent

that was necessary to repair or replace the damaged property.

25. In total, Defendants wrongfully deducted approximately $1,002,000.00 for the repair or replacement of the building (including depreciation) and $121,711.00 for the replacement of the "business personal property" (including depreciation).

26. Despite Defendants' position to the contrary, 100% of the damage caused to the Property was caused by winds generated by the hurricane, and, as such, is covered by the Policy.

27. Mahudi has already caused the Property to be repaired and/or replaced, and the "business personal property" to be replaced, although additional repair to the Property may be reasonably necessary.

28. Accordingly, Defendants owes Mahudi approximately $1,123,711.00 for damage caused to the Property as a result of the hurricane, for which demand has been made and payment refused.

29. All conditions precedent necessary to the filing of this action have been performed or, in the alternative, have occurred or have been waived.

### Breach of Contract

30. This is a cause of action against Defendants for damages based upon breach of the Policy.

31. Mahudi and Defendants are parties to and subject to the Policy.

32. Pursuant to the Policy, Defendants agreed to reimburse Mahudi for damages sustained to the Property and the cost to replace such property, when damaged by a covered peril.

33. On August 13, 2004, the Property was damaged as a result of winds generated by a hurricane that damaged the exterior of the Property, which allowed rain water to penetrate the Property, which was damage caused by a covered peril.

34. Defendants breached the Policy by not reimbursing Mahudi all of the repair and replacement costs associated with the building, and the costs associated with replacing the "business personal property" that was damaged by the hurricane, a covered peril.

35. As a direct and proximate result of this breach, Mahudi has been damaged. Specifically, Mahudi is entitled to the remaining $1,123,711.00, it has paid or will pay to repair the Property and to replace the "business personal property".

36. For purposes of this action, Mahudi has retained the law firm of Lowndes Drosdick Doster Kantor & Reed, and has agreed to pay said attorneys a reasonable fee for their services, for which Defendants are liable pursuant to Florida Statutes, §627.428 (2008).

WHEREFORE, Plaintiff, Mahudi International Corp., respectfully requests that this Court enter a Judgment against Defendants, American Guarantee and Liability Insurance Company, ordering Defendants to pay all damages incurred as a result of its breach of the Policy, including reasonable attorneys' fees and costs of this litigation, and awarding such other and further relief as this Court deems just and proper.

### Demand for Jury Trial

Mahudi demands a trial by jury of all issues which are so triable pursuant to Rule 1.430, *Florida Rules of Civil Procedure.*

Dated this 11th day of August, 2009.

/s/ Michael V. Elsberry
**MICHAEL V. ELSBERRY, ESQ.**
michael.elsberry@lowndes-law.com
Florida Bar No. 0191861
**REBECCA E. RHODEN**
rebecca.rhoden@lowndes-law.com
Florida Bar No. 0019148
Lowndes, Drosdick, Doster, Kantor
 & Reed, P.A.
450 South Orange Ave., Ste. 800
Post Office Box 2809
Orlando, Florida 32802
Telephone: (407) 843-4600
Attorneys for Plaintiffs