# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAHUDI INTERNATIONAL CORP., MIC HOTEL CORP.,**

           **Plaintiffs,**

**-vs-**     Case No. 6:09-cv-1569-Orl-31DAB

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY,**

           **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Zurich American Insurance Company ("Zurich"), Motion to Dismiss (the "Motion") (Doc. 3) and Plaintiffs', Mahudi International Corporation and MIC Hotel Corporation (the "Plaintiffs"), response in opposition thereto (the "Response") (Doc. 9).

**I. Overview**

Plaintiffs brought this action on August 11, 2009, alleging, *inter alia*, that Defendants are in breach of their insurance contract by failing to pay for property damage to Plaintiffs' hotel that was caused by Hurricane Charley (*see generally* Doc. 2).

In its Motion, Zurich contends that it was not a party to Plaintiff's insurance contract. According to Zurich, Defendant American Guarantee and Liability Insurance Company is Plaintiff's insurer (Doc. 3 at 2). The Court addresses this issue, *infra*.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Analysis**

Zurich argues that the insurance policy at issue in this case clearly establishes that its subsidiary, Defendant American Guarantee and Liability Insurance Company – and not Zurich itself – is the Plaintiffs' insurer.

Plaintiffs respond by suggesting that the copy of the insurance policy they attached to their own Complaint is "unreadable" (*see* Doc. 2-2) and that, even assuming the document were legible, its terms are at best ambiguous as to which company provided coverage (Doc. 9 at 2-3). Absent a stipulation as to which company is obligated under the policy, Plaintiffs argue that Zurich's Motion should be denied.

Upon review, the Court agrees that the document attached to the Complaint is largely unreadable. However, legible portions of the policy[1] clearly indicate that policy was "issued by AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY" (Doc. 3-2 at 3). Accordingly, it appears that Zurich's Motion is well taken. Assuming, however, that discovery should prove otherwise, Plaintiff will freely be given leave to amend and to substitute Zurich as the proper defendant.

---

[1]Zurich attached these portions to its Motion (Doc. 3-2), but they also appear in the copied excerpts that Plaintiffs attached to their Complaint (*see* Doc. 2-2 at 3).

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Zurich's Motion to Dismiss (Doc. 3) is **GRANTED**. Plaintiffs' Complaint is hereby **DISMISSED** as to Defendant Zurich American Insurance Company and the Clerk of the Court is directed to terminate same as a party.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 7, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE